J-S67005-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                                :
              v.                :
                                :
                                :
                                :
ANTOINE GARDINER,               :
                                :
              Appellant         : No. 1494 EDA 2017

Appeal from the PCRA Order April 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002773-2014

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                                :
              v.                :
                                :
                                :
                                :
ANTOINE GARDINER,               :
                                :
              Appellant         : No. 1526 EDA 2017

Appeal from the PCRA Order April 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-000002774-2014,
CP-51-CR-0002780-2014, CP-51-CR-0002781-2014,
CP-51-CR-0002782-2014, CP-51-CR-0002784-2014,
CP-51-CR-0002785-2014, CP-51-CR-0002786-2014,
CP-51-CR-0002787-2014, CP-51-CR-0002788-2014,
CP-51-CR-0002790-2014, CP-51-CR-0002791-2014,
CP-51-CR-0002802-2014, CP-51-CR-0002841-2014,
CP-51-CR-0002842-2014, CP-51-CR-0002843-2014,
CP-51-CR-0002844-2014, CP-51-CR-0014370-2013

BEFORE: OTT, J., NICHOLS, J. and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.: **FILED APRIL 15, 2019**

* Retired Senior Judge assigned to the Superior Court.

I join the Majority Memorandum, except regarding its holding that Appellant's alibi claim is waived.

In Appellant's PCRA petition, Appellant alleged that trial counsel was ineffective for failing to call Appellant's wife as an alibi witness because she would have testified that Appellant "was with her during all times relevant to said charges."  PCRA Petition, 6/2/2016, at 5; *see also* Pa.R.A.P. 1925(b) Statement, 5/15/2017, at 3.  On appeal, in response to the PCRA court's finding it incredible that Appellant's wife would be able to recall all of the times and dates of the alleged thefts, Appellant clarified that "[h]is wife would testify that he was never out at nighttime [on] any day, [and] therefore, the specific times and dates are not as critical as the fact of his common behavior[,] which would refute" the testimony implicating Appellant.  Appellant's Brief at 24-25.

I disagree with the Majority's characterization of Appellant's claim on appeal as an abandonment of his PCRA alibi claim.  In both his PCRA petition and his brief on appeal, Appellant alleges counsel was ineffective for failing to call Appellant's wife as an alibi witness to testify that Appellant was not at the crime scene during the times of the thefts.  As such, I would not find this claim waived and would proceed directly to the Majority's merits analysis.

Accordingly, while I would have proceeded directly to the merits on Appellant's alibi claim, I otherwise join the Majority's analysis in full.